UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CR124JCH(MLM) |
| JOHN R. STEFFEN, | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on defendant's Motion to Dismiss Indictment for Failure to State an Offense. [Doc. 30, 31] The government responded. [Doc. 40] Defendant replied. [Doc. 42] Also pending is defendant's Motion to Dismiss Based on the Law of the Case and Collateral Estoppel. [Doc. 32] The government responded. [Doc. 38] Defendant replied. [Doc. 41] A hearing was held on July 27, 2011 at which the parties argued their respective positions.

Before proceeding to a discussion of the merits of these motions, some background is in order. Previously defendant Steffen was indicted on one count of bank fraud in Case No. 4:10CR371JCH.[1] (the "First Indictment") Defendant filed a Motion to Dismiss for Insufficiency and Failure to State an Offense. The

---

[1] The First Indictment charged that the defendant fraudulently sold Brownfield Remediation Tax Credits ("Brownfield Credits") that were pledged as collateral for a construction loan made by the Business Bank of St. Louis. An entity affiliated with defendant, MB Lofts, LLC, had obtained this construction loan from the Business Bank to redevelop the Metropolitan Building, a property in the Grand Center Arts District in mid-town St. Louis.

undersigned issued a Report and Recommendation recommending the Motion be granted.[2] Neither party submitted objections to the Report and Recommendation. The Honorable Jean C. Hamilton sustained, adopted and incorporated the Report and Recommendation. United States v. Steffen, 753 F. Supp. 2d 903 (E.D. Mo. 2010) ("Steffen I"). She dismissed the Indictment on the following grounds: The court found that the weight of the authority led to the conclusion that nondisclosure was insufficient to state the offense of bank fraud under either §1344(1) or (2) where the government admitted that defendant made no misrepresentations and the defendant was merely silent about his sale of the tax credits which were collateral for the bank loan.

Following the dismissal the government did further investigation, returned the case to the Grand Jury and indicted defendant on four counts in the instant case, charging Bank Fraud (Counts I and IV), Mail Fraud (Count II) and Wire Fraud (Count III).

Argument at the July 27, 2011 hearing dealt solely with the Motion to Dismiss for Failure to State an Offense so that issue will be taken up first.

I.     **Failure to State an Offense**

The First Indictment alleged that defendant, without the knowledge or approval of the Business Bank, sold the Brownfield Remediation Tax Credits which

---

[2] The court incorporates by reference as if fully set out herein the content of the Report and Recommendation in Case No. 4:10CR371JCH.

were part of the collateral for a loan. Defendant used the proceeds to pay for expenses and did not repay the loan. The government alleged that selling the collateral is bank fraud under these circumstances. The government repeatedly acknowledged that defendant made no misrepresentations. The court found that the Eighth Circuit requires, under both subsections (1) and (2) of the bank fraud statute that defendant make deliberate false representations to the bank. United States v. Ponec, 163 F.3d 486 (8th Cir. 1998). The court examined the difference between concealment and nondisclosure, see Steffen I at 908, and held that mere silence - - absent an independent legal duty to disclose - - is insufficient to state a claim under the bank fraud statute. See United States v. Colton, 231 F.3d 890 (4th Cir. 2000).

The Indictment in this case (the "Second Indictment") alleges no new material facts. It simply expands into four counts instead of one the allegations phrased as mail and wire fraud in addition to bank fraud. While each of these statutes has its own distinct elements, each requires as its core a "scheme or artifice to defraud. . . by means of false or fraudulent pretenses, representations, or promises. . . ." 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1344 (bank fraud). The analysis for Counts I-III is therefore substantially the same.

- Count I alleges that on or about December 17, 2007, defendant committed bank fraud by entering into an agreement to sell the Brownfield Remediation Tax Credits without providing a draft of the agreement to the Business Bank as required by the loan documents.

- **Count II alleges that on or about December 20, 2007, defendant committed mail fraud by causing to be sent by UPS to the Missouri Department of Economic Development a form reflecting the transfer of the tax credits.**

- **Count III alleges that on or about December 21, 2007, defendant committed wire fraud by causing a money transfer request to be faxed to Wisconsin directing the transfer of funds from an account of the buyer of the tax credits to an account of MB Lofts.**

**All of these actions were subsumed within one Count in the First Indictment.[3]**

**The Second Indictment does not allege that any misrepresentation occurred in conjunction with any of the actions alleged in Counts I, II or III. Therefore, the fact that Counts II and III are charged as mail and wire fraud instead of bank fraud subjects them to the same sufficiency analysis because Congress intended the bank fraud statute to be afforded the same broad application as the mail and wire fraud statutes. Committee Comments to Model Instruction 6.18.1334; <u>United States v. Rimell</u>, 21 F.3d 281, 287 (8th Cir. 1994) ("The bank fraud statute was modeled after the mail and wire fraud statutes, and this court has stated that the bank fraud statute should be given the same broad construction as those statutes.") Since the bank fraud statute was patterned after the mail and wire fraud statutes, cases interpreting those statutes may apply to the bank fraud statute. <u>United States v. Stavroulakis</u>, 952 F.2d 686, 694 (2nd Cir. 1992), <u>cert. denied</u>, 504 U.S. 926 (1992).**

---

[3] Compare: Second Indictment, Count I, ¶32 with First Indictment, ¶11; Second Indictment, Count II, ¶2 with First Indictment, ¶¶11-12; Second Indictment, Count III, ¶2 with First Indictment, ¶12.

In one of the primary cases relied on by the government, <u>United States v. Colton</u>, 231 F.3d 890 (4th Cir. 2000), the Fourth Circuit noted that since "the mail, wire and bank fraud statutes do not define the phrase "scheme or artifice of defraud," courts interpreting the statutes must infer that Congress implicitly incorporated the common-law meaning of the relevant terms." <u>Coulton</u>, 231 F.3d at 898. "[E]ven in the absence of fiduciary, statutory or other independent legal duty to disclose material information, common-law fraud includes acts taken to conceal, create a false impression, mislead or otherwise deceive in order to 'prevent' [ ] the other [ ] party from acquiring material information." <u>Id.</u>, <u>quoting</u> <u>Restatement (Second) of Torts</u> § 550 (1977). The court went on to say:

> Thus, fraudulent concealment - - without any misrepresentation or duty to disclose - - can constitute common-law fraud. This does not mean, however, that simple nondisclosure similarly constitutes a basis for fraud. Rather, the common-law clearly distinguishes between concealment and nondisclosure. The former is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. The latter is characterized by mere silence. Although silence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud, suppression of the truth with intent to deceive (concealment) does. <u>See</u>, <u>e.g.</u> <u>Stewart v. Wyoming Candle Ranche Co.</u>, 128 U.S. 383, 388, 9 S.Ct. 101, 32 L.Ed. 439 (1888).

<u>Colton</u>, 231 F.3d at 899. In other words, in the absence of an independent disclosure duty, nondisclosure (mere silence) is not fraudulent.

The Second Indictment alleges what the government believes constitutes an "independent duty to disclose" based on the loan agreement documents. It alleges certain contractual obligations that defendant had with respect to the collateral and argues that these duties imposed on the defendant the obligation to disclose to the

bank certain material information relating to the sale of the tax credits.  See Gov's Response at 5.

However, in order for a fraudulent disclosure to be actionable fraud (either criminal or civil) the duty to disclose must be independent of any duty imposed by the contract.  The case law is clear, that the disclosure duty must be imposed by statute or by the existence of a fiduciary relationship:

> In conclusion, we stress the narrowness of our holding permits non-disclosures to form the basis of a scheme to defraud only when there exists an independent duty (either fiduciary or derived from an explicit and independent statutory requirement) and such a duty has been breached.  To hold otherwise that illegal conduct alone may constitute the basis of the fraud element of a mail fraud conviction would have the potential of bringing almost any illegal act within the province of the mail fraud statute.

U.S. v. Dowling, 739 F.2d 1445, 1450 (9th Cir. 1984), *rev'd. as to other counts,* 437 U.S. 207 (1985).

The Second Indictment does not allege a statutory duty to disclose or a fiduciary relationship.  "Parties entering into contract pursuant to a business relationship do not generally give rise to a fiduciary relationship, absent extraordinary circumstances, because such parties deal with each other at arm's length."  In Re Express Scripts, Inc. v. PBM Litigation, 522 F. Supp. 2d 1132, 1144 (E.D. Mo. 2007, Limbaugh, J.)  The clear holding of Missouri courts is that there is no fiduciary relationship between a corporate borrower and a lender.  See Drummond Co. v. St. Louis Coke & Foundry Supply Co., 181 S.W.3d 99, 103 (Mo. Ct. App. 2005) ("the relationship between a corporation and a creditor is merely that of a debtor and creditor") cited in Stricker v. Union Planters Bank, N.A., 436 F.3d 875,

878-79 (8th Cir. 2006). In Schlifke v. Seafirst Corp., 866 F.2d 935, 945 (7th Cir. 1989), the Seventh Circuit stated "execution of a contract in support of a bank loan, in itself, falls far short of creating a fiduciary relationship." The relationship between a customer and a bank "is not a fiduciary one," Bucci v. Wacovia Bank, N.A., 2009 WL 1740503, *3 (E.D. Pa.) citing Waye v. Commonwealth Bank, 846 F. Supp. 321, 326 (M.D. Pa. 1994), because there is "a presumption that the relationship between lenders and borrowers is conducted at arm's length and the parties are each acting in their own interest." Bucci, 2009 WL 1740503 at *3. Defendant and the Business Bank had no fiduciary relationship and the government does not even allege such a relationship as the basis of defendant's duty to disclose.

As noted above, a duty to disclose must be independent of the contract and this principle is rooted in the common law. "A fraud claim is permitted only if it arises from acts that are separate and distinct from the contract." Dubinsky v. Mermart, LLC, 595 F.3d 812, 820 (8th Cir. 2010) quoting O'Neal v. Stifel Nicolaus & Co., 996 S.W.2d 700, 702 (Mo. Ct. App. 1999); See also Bernoudy v. Dura-Bond Concrete Restoration, Inc., 828 F.2d 1316, 1318 (8th Cir. 1987).[4] This is true in both the civil and criminal context. See Def.'s Reply, at 4-5. If this were not the case every breach of a loan agreement contract would give rise to a tort (in the civil context) or to criminal prosecution for fraud (in the criminal context).

---

[4] In Dubinsky, the fraudulent misrepresentations arose out of the Financing Documents and the fraud count was dismissed. Id. at 820. However, in O'Neal and Bernoudy the fraudulent misrepresentations arose out of the negotiation of the contracts and thus the fraud count in each case properly stated a claim. O'Neal, 996 S.W.2d at 702; Bernoudy, 828 F.2d at 1318.

Mail, wire and bank fraud prosecutions cannot be based on a duty or obligation arising from the contract.

> A breach of contract does not amount to mail fraud. Failure to comply with a contractual obligation is only fraudulent when the promissor never intended to honor the contract. . . . To infer fraudulent intent from mere nonperformance, therefore, would eviscerate the distinction between a breach of contract and fraud.

United States v. D'Amato, 39 F.3d 1249, 1261 n.8 (2nd Cir. 1994) (citations omitted). A defendant "cannot be guilty of wire fraud merely for breaching a contract." United States v. Shellef, 732 F. Supp. 2d 42, 69 (E.D. N.Y. 2010).

The government gives extensive analysis to what it characterizes as "the essential element of intent to defraud the financial institution." Gov.'s Response, at 6-7. The Second Indictment alleges an intent to defraud. That, however, is not the issue in defendant's Motion. Intent to defraud is a matter for proof at trial. The issue now is whether the Second Indictment sufficiently alleges a scheme to defraud a financial institution by means of materially false and fraudulent pretenses, representations and promises." See, Steffen I. The government's lengthy discussion about whether "reckless disregard" can satisfy the intent element and the cases cited by the government are irrelevant except to the extent they involve fraudulent, affirmative misrepresentations.

"The government has not cited any case in which a mail, wire or bank fraud conviction was based on breach of a disclosure requirement imposed by contract." Def's. Reply at 6. This would be an enormous expansion of the scope of the mail, wire and bank fraud statutes and thus because Counts I through III contain no

allegations of affirmative misrepresentations and merely allege disclosure duties imposed by the loan agreement/contract, they should be dismissed.

The conduct alleged in Count IV concerning a draw request was not specifically alleged in the First Indictment. The government's Response refers to ¶29 and suggests that defendant made four "omissions" in connection with a draw request. These "omissions" are actually contractual promises in the original loan agreement. The government does not allege that defendant made any statement - - misleading or otherwise - - in connection with the draw request. The government argues that although defendant was silent, these contractual documents imputed to him a representation at the time of the draw request that "the loan documents were true and correct in all material respects." Second Indictment at ¶29. The government does not explain what this means or acknowledge that the "omissions" to which it refers are actually loan provisions.

The government has not cited any case where a mail, wire or bank fraud prosecution has been predicated on a representation purportedly *implied* by a contract. The cases cited by the government are simply not on point. In Steffen I, the court said "In order to predicate bank fraud liability on an omission,

> the material fact "omitted" must be *part* of a "representation" to satisfy the misrepresentation element of bank fraud. Neither the indictment nor the government's response alleged defendant lied to the bank or made any misleading statements. Defendant's failure to tell the bank of his use of the collateral between December, 2007 and April, 2008 absent an affirmative act to mislead the bank, is not a misrepresentation or a scheme to defraud within the meaning of the bank fraud statute. Nondisclosure is not a crime without some independent legal duty to disclose.

The Second Indictment does not allege that defendant made any representation at the time of the draw request. He was silent. The Second Indictment does not allege a "deliberate act of concealment of the misapplied loan collateral" (which was found necessary in Steffen I.)

Count IV is another attempt by the government to find an independent duty to disclose in contract provisions. As stated above, if that were the law, then every representation or warranty in a contract could be grounds for mail, wire or bank fraud even if the defendant made no misleading statements.

In conclusion, in Steffen I the court concluded that defendant made no misrepresentations in connection with the sale of the Brownfield Remediation Tax Credits. At most he breached a contract.[5] In Steffen I the court held that in the absence of a statutory, fiduciary or other independent disclosure duty, mere silence (nondisclosure) is insufficient to state a bank fraud claim under 18 U.S.C. § 1344. In the present case the government does not allege a statutory disclosure duty and it is clear that defendant and the Business Bank had no fiduciary relationship. The Second Indictment alleges disclosure duties arising from the terms of the loan agreement/contract. The case law is clear that the contract can not provide basis for an independent disclosure duty. Therefore, the court concludes that once again, absent a statutory, fiduciary or independent disclosure duty, mere silence (nondisclosure) is insufficient to state a fraud claim under 18 U.S.C. § 1341 (mail

---

[5] The Business Bank sued defendant for breach of contract and prevailed.

fraud), 18 U.S.C. § 1343 (wire fraud) or 18 U.S.C. § 1344 (bank fraud). The Second Indictment should be dismissed for failure to state an offense.

II.     **Collateral Estoppel**

If the district court adopts the recommendation that this case be dismissed for failure to state an offense, then the instant Motion to Dismiss based on the law of the case and collateral estoppel is moot. Nevertheless, this Motion will be discussed because defendant raises it as an alternative ground for dismissal.

In this Motion defendant argues that the present Indictment charges the same crime charged in the first Indictment which the court dismissed in Steffen I.[6] Defendant states that the law of the case was that defendant did not commit fraud under 18 U.S.C. § 1344. In addition, defendant argues collateral estoppel bars the government's attempt to re-litigate the same claim this court previously dismissed after a full and fair hearing. Defendant moves to dismiss on both grounds.

The government responds that collateral estoppel in the criminal context is based only on the Double Jeopardy Clause, citing U.S. Const. Amend. V, Ashe v. Swenson, 397 U.S. 436 (1970). The government correctly notes that jeopardy did not attach in Steffen I, citing United States v. Jorn, 400 U.S. 470, 480 (1971) and Yeager v. United States, ___ U.S. ___ , 129 S. Ct. 2360, 2367-68 (2009). "Jeopardy is usually held to 'attach' at the time trial commences and a jury is empaneled." United States v. Senak, 477 F.2d 304, 306 (7th Cir. 1973).

---

[6] United States v. Steffen, 753 F. Supp. 2d 903 (E.D. Mo. 2010).

This argument ignores precedent from the Eighth Circuit (and others) applying collateral estoppel based on previous proceedings in which no jeopardy attached and the issues were fully litigated.[7] United States v. Rosenberger, 872 F.2d 240, 242 (8th Cir. 1989). In Rosenberger, the defendant was collaterally estopped from challenging the validity of a search warrant in a criminal prosecution that was decided on the merits in a prior Rule 41 proceeding to obtain the return of seized property. The Eight Circuit stated:

> **A party is generally estopped from re-litigating an issue decided against him or her in a prior lawsuit when (1) the issue is identical to one presented in the prior adjudication; (2) the prior adjudication resulted in a final judgment on the merits; (3) the estopped party was a party or in privity with the party in the prior adjudication; and (4) the estopped party had a full and fair opportunity to litigate the issue in the prior suit.**

Rosenberger, 872 F.2d at 242 citing Swapshire v. Baer, 865 F.2d 948, 951 (8th Cir. 1989); Bismarck v. Toltz, King, Duvall, Anderson & Associates, Inc., 855 F.2d 580, 582 (8th Cir. 1988); Nichols v. St. Louis, 837 F.2d 833, 835 (8th Cir. 1988).

In the present case there is no question that the parties were the same in Steffen I as they are here and they had a full and fair opportunity to litigate the issue presented. The judgment was final.[8] However, the issue in the present case is **not**

---

[7] "The doctrine of collateral estoppel, developed largely in the context of civil litigation, is designed to prevent repetitious litigation of the same issue by the same parties. . . . it is well established that principles of collateral estoppel apply in criminal, as well as in civil, litigation." Laughlin v. United States, 344 F.2d 187, 189-90 (D.C. Cir. 1965).

[8] Whether the judgment was "on the merits" is the subject of disagreement, however, this issue need not be resolved at this time.

the same issue presented in Steffen I. There the question presented was: Is mere silence - - without misrepresentations - - sufficient to state a crime under the bank fraud statute? The Indictment in Steffen I said only that the defendant sold the collateral securing a bank loan. The court found that absent a fiduciary, statutory or other independent legal duty to disclose material information, the bank fraud statute (and common law fraud) require some act taken to conceal, create a false impression, mislead or otherwise deceive. Silence (simple nondisclosure) is insufficient. The court held "[i]n other words, in the absence of an independent disclosure duty, nondisclosure or mere silence, is not fraudulent" citing United States v. Colton, 231 F.3d 890, 899 (4th Cir. 2000).

In the Indictment in the present case the government - - while maintaining defendant made no misrepresentations - - has gone to great lengths to set out disclosure duties imposed by the loan agreement/contract between defendant and the Business Bank. The issue here is whether the requirement of an independent legal duty to disclose material information can be satisfied by duties imposed by the contract. In other words, does the failure to disclose information mandated by the contract amount to breach of contract and fraud. The court finds that this is not the same issue litigated in Steffen I and thus principles of the law of the case and collateral estoppel do not apply. This case should not be dismissed on those grounds.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Dismiss for Failure to State an Offense be **GRANTED**. [Doc. 30, 31]

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Dismiss Based on Law of the Case and Collateral Estoppel be **DENIED**. [Doc. 32]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case is set on **October 11, 2011** at **9:00 A.M.** before the Honorable Jean C. Hamilton.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2011.