# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CR124JCH(MLM) |
| | ) | |
| JOHN R. STEFFEN, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the government's Motion for Reconsideration [Doc. 53] of this court's Report and Recommendation filed August 15, 2011.[1] Defendant opposed the Motion. [Doc. 58] The government replied. [Doc. 61] Oral argument was heard on October 20, 2011. With leave of court, defendant filed a Surreply. [Doc. 64] The district court is referred to these pleadings because they clearly and forcefully articulate the parties' positions.

Once again, some background is in order. Previously defendant Steffen was indicted on one Count of Bank Fraud in Case No. 4:10CR371JCH. ("First Indictment"). Defendant filed a Motion to Dismiss for Insufficiency and Failure to State an Offense. The undersigned issued an R&R recommending the Motion be granted. The court incorporates by reference as if fully set out herein the content of the R&R in Case No. 4:10CR371JCH. Neither party submitted objections to the R&R.

---

[1]  The court's R&R is Doc. 45. The government filed a Motion for Leave to File the Motion for Reconsideration by United States Magistrate Judge which was granted by the Honorable Jean C. Hamilton on 8/26/11.

The Honorable Jean C. Hamilton sustained, adopted and incorporated the R&R. United States v. Steffen, 753 F.Supp. 2d 903, (E.D.Mo. 2010) ("*Steffen I*"). She dismissed the Indictment on the following grounds: The court found that the weight of the authority led to the conclusion that nondisclosure was insufficient to state the offense of bank fraud under either § 1344(1) or (2) where the government admitted that defendant made no misrepresentations and the defendant was merely silent about his sale of the tax credits which were collateral for the bank loan at issue.

Following dismissal the government did further investigation, returned the case to the Grand Jury and indicted defendant on 4 Counts in the instant case, charging Bank Fraud (Counts I and IV), Mail Fraud (Count II) and Wire Fraud (Count III). Again, the defendant moved to dismiss. Oral argument was held on July 27, 2011 at which the parties argued their respective positions. On August 15, 2011 this court issued an R&R (Doc. 45) which recommended that defendant's Motion to Dismiss for Failure to State an Offense be granted. (Doc. 30-31) and further recommended that defendant's Motion to Dismiss Based on Law of the Case and Collateral Estoppel be denied. (Doc. 32) This R&R (Doc. 45) is incorporated by reference as if fully set out herein. This R&R contains this court's complete legal analysis with regard to the present Indictment.

Repeating all of the government's arguments for reconsideration would serve no useful purpose. The district court is referred to the government's Memorandum in Support (Doc. 54) for the government's positions.

As the court stated in its R&R (Doc. 45) the Indictment in the instant case ("Second Indictment") does not allege that any misrepresentations occurred in conjunction with any of the actions alleged in Counts I, II or III.  Therefore, the fact that Counts II and III are charged as Mail and Wire Fraud instead of Bank Fraud subjects them to the same sufficiency analysis because Congress intended the Bank Fraud statute to be afforded the same broad application as the Mail and Wire Fraud statutes.  Committee Comments to Model Instruction 6.18.1334; United States v. Rimell, 21 F.3d 281, 287 (8th Cir. 1994) ("The Bank Fraud statute was modeled after the Mail and Wire Fraud statutes, and this court has stated that the Bank Fraud statute should be given the same broad construction as those statutes.") Since the Bank Fraud statute was patterned after the Mail and Wire Fraud statutes, cases interpreting those statutes may apply to the Bank Fraud statute.  United States v. Stavroulakis, 952 F.2d 686, 694 (2nd Cir. 1992), cert. denied, 504 U.S. 926 (1992). The government's argument that the Mail and Wire Fraud Counts should be considered separately is without merit.

The Second Indictment alleges what the government believes constitutes "an independent duty to disclose" based on the Loan Agreement documents.  It alleges certain contractual obligations that defendant had with respect to the collateral and argues that these duties imposed on the defendant the obligation to disclose to the bank certain material information relating to the sale of the tax credits.  The court examined this proposition in its R&R (Doc. 45 at pages 6-8).  After careful

reconsideration, the court reaffirms its conclusion that the independent duty to disclose cannot be derived from or based on the Loan Agreement documents.

In the Memorandum in Support (Doc. 54) of its Motion for Reconsideration, the government argues that the disjunctive construction of § 1344 of the Bank Fraud statute creates liability under its first prong even in the absence of any misrepresentations. The government argues that the court's reliance on United States v. Ponec, 163 F.3d 486 (8th Cir. 1998) is misplaced. In *Steffen I*, the court found that the Eighth Circuit in Ponec requires the defendant make deliberate false representations to the bank under both subsections (1) and (2) of the Bank Fraud statute. The government emphasizes that other Circuits do not agree with this position. This is irrelevant. We are in the Eighth Circuit and are bound by its precedent.

The government claims Ponec's statement that both subsections (1) and (2) of the Bank Fraud statute require that the defendant make deliberate false representations is mere *dicta*. As defendant's Surreply (Doc. 64) points out, the case "has been on the books for 13 years" and not a single Eighth Circuit case, district court case or even a prior government brief has taken that position in 13 years. In support, defendant cites United States v. Staples, 435 F.3d 860 (8th Cir.), cert. denied, 549 U.S. 862 (2006) (recognizing the deliberate false representation language as the Eighth Circuit's authoritative interpretation of 18 U.S.C. § 1344(1)); United States v. Jenkins, 210 F.3d 884 (8th Cir. 2000) (explaining why credit card slips did constitute false statements, citing Ponec); United States v. Rubashkin, 2011

WL 4104922 (8th Cir. September 16, 2011) (citing Ponec and acknowledging that false representations must be deliberate); United States v. Nieman, 265 F.Supp. 2d 1017, 1032 (N.D. Iowa 2003) (noting Ponec requires a false representation in order to establish a scheme to defraud.) Not only do these cases acknowledge the authority of Ponec but defendant argues persuasively in a footnote,

> Also under the heading of taking inconsistent positions and ignoring unhelpful facts, the government does not acknowledge in its Reply that it has cited Ponec in other cases for the proposition that "'[f]or purposes of a bank fraud charge, the government must establish that defendant made false representations to the bank.'" Steffen Opposition to Reconsideration at 4 n.3 (quoting Gov't Response to Motion to Dismiss in United States v. Walters, No. 10CR00586 (E.D. Mo.)  Indeed, in upholding the indictment in Walters, Judge Adelman quoted the very language that the government dismisses as *dicta* in this case.  United States v. Walters, 2011 WL 1806915, at *3 (E.D. Mo. March 17, 2011). After *de novo* review, his recommendation was adopted by Judge Fleissig.  2011 WL 1793347 (E.D. Mo. May 11, 2007).  There should not be one legal standard for Mr. Walters and another for Mr. Steffen.

Defendant's Surreply (Doc. 64 at 5 n.3)

In addition, as the court pointed out in *Steffen I* 753 F.Supp. 2d at 907, the only definition of "scheme and artifice to defraud" in the Committee Comments to the Eighth Circuit Model Jury Instruction for Bank Fraud reads: "The term 'scheme and artifice to defraud' includes any plan or pattern of conduct **using false or fraudulent pretenses or representations**."   Committee Comments to Instruction 6.18.1344, Eighth Circuit Manual of Model Criminal Jury Instructions (emphasis added).

Even in the circuits that do not have the Ponec requirement of an affirmative misrepresentation, courts have required active concealment or an independent duty

to disclose in order to state a bank fraud claim.[2]   In *Steffen I* the court found that the distinction between nondisclosure and active concealment is an "affirmative act to mislead the bank." *Steffan I,* 753 F.Supp. 2d at 908.  In Counts I-III this Indictment does not allege active concealment.  It alleges the defendant did not get prior approval to sell the tax credits as required by the Loan Agreement; did not deposit the proceeds with the bank as required by the Loan Agreement; and used the collateral to pay other expenses in violation of the Loan Agreement.   As this court found in *Steffen I*, these are not acts of active concealment:

> [A]s discussed above in the analysis of the difference between concealment and nondisclosure, the material fact "omitted" must be *part* of a "representation" to satisfy the misrepresentation element of bank fraud.  Neither the Indictment nor the government's Response allege defendant lied to the bank or made any misleading statements.  Defendant's failure to tell the bank of his use of the collateral between December, 2007 and April, 2008 absent an affirmative act to mislead the bank, is not a misrepresentation or a scheme to defraud within the meaning of the Bank Fraud statute.  Nondisclosure is not a crime without some independent legal duty to disclose.

*Steffen I*, 753 F.Supp. 2d at 908.

In Count IV which alleges the draw request of $5,739.45, the government does not allege active concealment or misrepresentation by defendant.  The draw request did not refer to the collateral at all.  However, the government argues it was a representation that can be implied because of the terms of the Loan Agreement.  In other words, the government argues that the Loan Agreement "created an understanding" between the parties as to the meaning of the draw request.  After

---

[2]     The court dealt with the independent duty to disclose, based on the Loan Agreement documents, above at 3-4.

repeatedly saying the defendant made no misrepresentations, the government now inexplicably argues that defendant's misrepresentations can be implied.  As the court stated in its R&R in this case (Doc. 45 at 9): "[t]he government has not cited any case where a mail, wire or bank fraud prosecution has been predicated on a representation purportedly *implied* by a contract."  <u>Rubashkin</u>, 211 WL 41049922 cited <u>Ponec</u> and involved affirmative misrepresentations and false statements in connection with draw requests.[3]  This is not the situation here.

In conclusion, the court has reconsidered the recommendations in the previous R&R (Doc. 45).  The court has taken the directive from the district court to reconsider the R&R seriously and has performed what amounts to a *de novo* review of all the pleadings, briefs and arguments.

Since <u>Ponec</u> is the controlling authority in the Eighth Circuit, the existence of affirmative misrepresentations is a necessary element of a scheme to defraud.  The government has repeatedly admitted there were no misrepresentations by defendant.  Therefore, the Indictment in this case should be dismissed.  The law is clear that fraud cannot be predicated on a contractual duty to disclose nor is there any authority than an implicit representation imputed by a contract can constitute mail, wire or bank fraud.

---

[3]      "As set out in the district court opinion, each time Rubashkin requested an advance of funds, he provided the bank with a "Notice of Borrowing" which certified that numerous warranties and conditions were met, including the warranty that he was in compliance with all laws.  <u>United States v. Rubashkin</u>, 2010 WL 746879 at *2-3 (N.D. Iowa 2010)" Defendant's Surreply, Doc. 64 at 8.

The court therefore reaffirms the recommendations in its previous R&R. (Doc. 45).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion for Reconsideration be **DENIED**. [Doc. 54]

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Dismiss for Failure to State an Offense be **GRANTED**. [Docs. 30, 31]

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Dismiss Based on the Law of the Case and Collateral Estoppel be **DENIED**. [Doc. 32]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial is this case is set on __January 9, 2012__ at __9:00 A.M.__ before the Honorable Jean C. Hamilton.


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this __21st__ day of November, 2011.